IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Carlin Powell, | Case No. 1:21-cv-01591 |
| Petitioner, | Judge James G. Carr |
| v. | Magistrate Judge Carmen E. Henderson |
| Jay Forshey, Warden, | **ORDER** |
| Respondent. | |

## Background

Following a jury trial in 2008, a Cuyahoga County Jury convicted Petitioner, Carlin Powell on charges of rape, kidnaping, and corruption of a minor . The trial judge sentenced him to 126 months. (Sentencing Entry, Ex. 53). On July 30, 2021, Petitioner filed a § 2254(d) Petition for Writ of Habeas Corpus (Doc. 4). He raises four grounds for relief:

1. Witness perjury and prosecutorial tampering with evidence;
2. Ineffective assistance of counsel (did not call an expert to refute state's DNA expert);
3. Fraudulent analysis of DNA evidence by two laboratory testings sites;
4. Speedy trial violations (in violation of the Interstate Agreement on Detainers Act, O.R.C. § 2963.30 Article 1, of the Ohio Constitution.; and provisions of the U.S. Constitution.)

(Doc. 4, pgID 5-16).

### Petitioner's Motions/Objections to the Orders Regarding Evidence and Discovery

Upon transfer from the Southern District of Ohio, the case was assigned to Magistrate Judge Carmen E. Henderson on October 28, 2021. On June 2, 2022, Petitioner filed a "Motion for Leave in Request for the Discovery Evidence of the HBO Documentary 'I Am

1

Evidence'[1]'for Corroboration in Undisputable Evidence of Facts in Support of Habeas Corpus." (Doc. 17). He sought to the Documentary into evidence and also to submit proposed interrogatories and requests for admission. (Doc. 17).

Respondent, Warden Jay Forshey, filed an Opposition five days later (Doc. 18). He primarily argued habeas review is limited to the state court record, and the Documentary was not before the state courts. Therefore, Petitioner procedurally defaulted any potential constitutional claims related to the document and his proposed discovery requests.

Judge Henderson, agreeing with Respondent, denied Petitioner's Motion, stating:

> …[T]he documentary and its impact were at the heart of Petitioner's motion for leave to file a motion for new trial…Petitioner offered numerous exhibits in support…but failed to offer the documentary itself. …Petitioner's arguments in that state court proceeding belie any arguments that Petitioner made reasonable attempts to present the evidence to the state court for review. Accordingly, Petitioner's motion to supplement the record with the documentary, "I Am Evidence," is denied. (Doc. 19, pgID 2221, filed October 24, 2022)

Nearly one month after this ruling, Petitioner took another bite at the apple, filing a document entitled, "Motion for Leave (Request) for the Submittance of 'New Evidence' Pursuant to 2254(e)(1),(A)(i)(ii), (B), (f)." (Doc. 20, filed 11/22/2022). In this Motion, Petitioner argued he relied on "a factual predicate that could not have been previously discovered through the exercise of due diligence due to prosecutors['] withholding of evidence and subornation of perjured testimony of [the] state['s] 'Head Investigator'…." (Doc. 20, pgID 2227). He also argued "there is a reasonable probability that evidence casting doubt on the state['s] head

---

[1] "I Am Evidence" is the story of four rape victims, whose test kits went untouched for years. https://www.iamevidencethemovie.com/.

investigator['s] credibility would have been enough to persuade even [] just one juror to find the petitioner not guilty beyond a reasonable doubt." (*Id.* at 2225).

Respondent promptly opposed this Motion, arguing Petitioner failed to show the Magistrate Judge's prior Order was clearly erroneous or contrary to law. (Doc. 21, filed 11/30/2022). Furthermore, argued Respondent, if this indistinct motion was meant as Objections to the October 24th Order, the document must be rejected as untimely. (Doc. 21, pgID 2236).

On January 10, 2023, Magistrate Judge Henderson, noting Petitioner's intentions were unclear, interpreted this as a motion for reconsideration. (Doc. 22, pgID 2241-2). *See Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F.App'x. 949, 959 (6th Cir. 2004) (District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment).

In denying this Motion, she relied on her prior Order, wherein she noted, the decision of whether to expand the record "is within the sound discretion of the district court." *West v. Bell*, 550 F.3d 542, 551 (6th Cir. 2008) (citing *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988)). (Doc. 19, pgID 2219). She again noted Petitioner failed to demonstrate due diligence: "Here, Petitioner brings no compelling evidence or argument for why this Court should consider its prior ruling." (Doc. 22, pgID 2240-2).

Petitioner again sought reconsideration of these Orders on January 24, 2023 (Doc. 23), which Magistrate Judge Henderson promptly denied on January 25th (Doc. 24).

In my review, "[m]otions for reconsideration are 'extraordinary in nature, and because they run contrary to notions of finality and repose, should be discouraged.'" *Cook v. All State Home Mortg., Inc.*, No. 1:06- CV-1206, 2006 WL 3751185, at *5 (N.D. Ohio Dec. 18, 2006) (quoting *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio

3

1995)). To prevail, the party seeking reconsideration must demonstrate "more than a 'disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court…'" *Killion Dolan Basnec v. KeHE Distributors, LLC,* No. 3:12-CV-4703, 2015 WL 12600979, at *1 (N.D. Ohio Mar. 31, 2015) (quoting *Cook*, 2006 WL 3751185, at *5).

I concur. § 2254(d) limits federal habeas review to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-1 (2011). Absent limited circumstances, this court may not expand the record. See, R. 7, R. Gov. § 2254 Cases in U.S. Dist. Cts. (Eff. Feb. 1, 1977, as amended Dec. 19, 2019); 28 U.S.C. § 2254(e)(2).

As Magistrate Judge Henderson noted, the Documentary is a public document, which Petitioner could have easily accessed and introduced it into evidence at the state court level but failed to do so. On review, Petitioner does not argue a new law should be retroactively applied, nor does he establish a factual predicate that could not have been discovered through due diligence. Nothing, *even with the addition of the Documentary, "I Am Evidence,"* suggests any reasonable factfinder would not have found Petitioner guilty.

There is simply no reason to admit the Documentary upon habeas review. Denial was appropriate. Moreover, the additional items Petitioner seeks to submit are already in the record. (Doc. 13-1, Doc. 13-3, Doc. 13-4). The Magistrate Judge also appropriately denied this part of his motion as moot. (Doc. 19, pgID 2220).

I therefore adopt Magistrate Henderson's Orders (Doc. 19, Doc. 22) denying Petitioner's requests to submit the Documentary, "I Am Evidence," and conduct additional discovery, as well as her Order denying reconsideration of these decisions. (Doc. 24).

### Petitioner's Motions/Requests to Appeal

Refusing to give up, Petitioner filed his original "appeal," (reconsideration) on February 10, 2023 (Doc. 26). He then filed a "Notice of Interlocutory Appeal" (Doc. 28) on March 17, 2023 and a "Notice of Appeal" (Doc. 29) three days later. The Sixth Circuit promptly dismissed the Notice of Appeal (Doc. 29) on March 31st (Doc. 30).

He immediately filed a "Notice of Interlocutory Appeal" (Doc. 31) on April 12, 2023. The Appeals Court dismissed this filing on April 21, 2023, as duplicative of the first (Doc. 32). Four days later, the Sixth Circuit dismissed the first Notice of Interlocutory Appeal (Doc. 28) for lack of jurisdiction (Doc. 33). Importantly, as the Sixth Circuit noted, a petitioner, who disagrees with the Magistrate's recommendations must first seek review from the District Judge, which Petitioner failed to do.

Then on May 1, 2023, Petitioner began the most recent barrage of motions by first filing a "Motion for Relief from Judgment or Order" (Doc. 34). He filed a similar Motion one week later, this time emphasizing the alleged fraud that occurred. (Doc. 35). Magistrate Judge Henderson, in a non-document Order, ruled the District Court did not have jurisdiction to hear the interlocutory appeal, and since the Sixth Circuit had already rejected the appeal for lack of jurisdiction, she would proceed to address whether his conviction should be vacated through the § 2254 Petition for Habeas Corpus. (Non-Document Order 05/10/2023).

This prompted the filing of his "Objection/Appeal" (Doc. 36) on May 19, 2023 and two additional documents on May 24, 2023: a Petition for Permission to Appeal, entitled, "Motion for Delayed Appeal to the District Court of the January 25, 2023 Order Denying Reconsideration" (Doc. 37); and an "Amendment of Order"[2] (Doc. 38). Petitioner filed yet

---

[2] In these documents, Petitioner is asking me to grant him the required permission or statement to file an Interlocutory appeal of Magistrate Judge Henderson's Order(s).

5

another document on May 24th, entitled, "Amendment of Order," (Doc. 39), which is essentially a resuscitation of Doc. 37.[3]

Respondent filed an Opposition to the Petition for Permission to Appeal (37) and Amended Petition to Appeal (39) (Doc. 41) on June 5, 2023. And he filed Responses to Docs. 36, 38, and 40 on June 5th and 8th. (Doc. 42, Doc. 43, Doc. 44).

Respondent convincingly argues Petitioner's appeals constitute untimely objections to Magistrate Judge Henderson's January 25, 2023 Order (Doc. 24) denying his Motion for Reconsideration of her January 10, 2023 decision (Doc. 22). Respondent further notes reconsideration is not allowed under the Federal Rules of Civil Procedure, and while courts may *sua sponte* consider a prior decision under Fed. R. Civ. Pro. 59(e), Petitioner cannot demonstrate: 1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law.

Respondent aptly further argues [Fed.] R. [Civ. Pro.] 60(b) is not available to Petitioner because the Magistrate Judge's decision does not constitute a *final* order. Under 28 U.S.C. § 1292(b), Respondent is correct, in that an interlocutory appeal is only permissible if a district court judge states in a written order that the matter "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

---

[3] Additionally, Petitioner filed a "Notice of Incorrect Document Text," (Doc. 40), on June 2, 2023, which is a document reflecting Petitioner's Objections to the characterization/title the Clerk's Office gave his filings. While I acknowledge Petitioner's claims that ECF shows different titles than what appears on the documents he filed, pursuant to Fed. R. Civ. P. 8(f), this Court's analysis of pleadings - particularly when, as in this case, filed by a *pro se* party - depends on their contents, not how the pleadings are captioned and docketed. The Clerk's office must characterize a motion, pleading or other document with a title that corresponds with the Court's docketing process and ECF. I therefore render this filing as irrelevant and therefore moot.

Absent the requisite Fed. R. Civ. P. 54(b) certification from the District Court, "a party may not take an appeal until there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Holt-Orsted v. City of Dickson*, 641 F.3d 230, 236 (6th Cir. 2011), quoting *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462 (6th Cir. 2006).

I have no reason to certify this case for an interlocutory appeal. There is simply no basis in fact or law for me to grant the prerequisite § 1292(b) certification.

## Conclusion

In summary, Petitioner brings no compelling evidence or argument for why I should overrule Magistrate Judge Henderson's prior rulings. Nor does Petitioner state a valid reason for an interlocutory appeal. Consequently, I remand this matter to the Magistrate Judge so that she may proceed with ruling on the ultimate issues raised in Petitioner's Habeas Corpus Petition (Doc. 4).

Accordingly, it is hereby

ORDERED THAT:

1. I hereby adopt Magistrate Judge Henderson's January 10, 2023 Order denying Petitioner's Motion for Leave (Request) for the Submittance of "New Evidence" Pursuant to 2254(e)(1),(A)(i)(ii), (B), (f) (Doc. 22), as well as her prior October 24, 2022 Order (Doc. 19) denying Petitioner's Motion for Leave in Request for the Discovery Evidence of the Documentary "I Am Evidence" for Corroboration in Undisputable Evidence of Facts in Support of Habeas Corpus (Doc. 17) and in doing so;

2. The Petitioner's Motions (Doc. 17, Doc. 20) be, and the same hereby are, denied with prejudice;

3. I hereby adopt Magistrate Judge Henderson's January 25, 2023 Order (Doc. 24); and in doing so;

4. The Petitioner's Motion (Request) for Reconsideration (Doc. 23) be, and the same hereby, is denied with prejudice;

5. I hereby adopt Magistrate Judge Henderson's Non-Document Order of May 10, 2023 and in doing so;

6. The Petitioner's Motions for Relief from Judgment (Doc. 34 and Doc. 35) be, and the same hereby, are denied with prejudice;

7. The Petitioner's Objections (Doc. 36) and Amended Objections (Doc. 38) to the Magistrate Judge's May 10, 2023 Non-Document Order are overruled;

8. The Petitioner's Petition for Permission to Appeal (Doc. 37); Amended Objection/Appeal (Doc. 38); and Petitioner's Amended Petition for Permission to Appeal (Doc. 39) be, and the same hereby, are denied with prejudice and therefore, Petitioner is restricted from seeking any further interlocutory appeals; and

9. I hereby remand this matter to Magistrate Judge Henderson to address the merits of Petitioner's Motion for a Writ of Habeas Corpus under 28 U.S.C. § 2254.

10. The clerk shall accept no further filings in this matter, except for Petitioner's Objections, if any, following Judge Henderson's Report and Recommendation as to the merits of the Petition for Habeas Corpus Relief.

11. I decline to issue a certificate of appealability as to any of my rulings herein, as jurists of reason could not rationally dispute or disagree with either the reasoning or rationale of this Order.

12. I herewith caution the Petitioner that noncompliance with the restriction on further filings before Judge Henderson has issued her Report and Recommendation on the § 2254 Petition will subject Petitioner to a finding that he is a vexatious litigator. This designation will subject him to further limitations on his ability to file pleadings in this - or any other case - he may undertake to bring in this - or any other - Federal Court.

So ordered.

/s/ James G. Carr
James G. Carr
Sr. U.S. District Judge