IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Carlin Powell,                                        Case No. 1:21-cv-01591

            Plaintiff,

            v.                                       **ORDER**

Jay Forshey, Warden,

            Defendant.

This case concerns a writ of habeas corpus under 28 U.S.C. § 2254. I referred the petition to Magistrate Judge Carmen E. Henderson for a Report & Recommendation. Now before me is Petitioner's filing titled "Deprivation of rights under color of law." (Doc. 47). For the reasons below, I strike that filing from the docket, and I grant petitioner an opportunity to file a motion to amend his habeas corpus petition.

## Discussion

Following the referral to Judge Henderson, Petitioner filed several motions with the Court. (*See* Docs. 17, 20, 23, 34, 35).[1] I adopted Judge Henderson's orders denying those motions. (Doc. 45, pgID 3267).

I denied Petitioner's Motion to Reconsider Judge Henderson's January 20, 2023 order at Doc. 23. (Doc. 45, pgID 3267–68). I overruled Petitioner's objections and amended objections to

---

[1] Petitioner titled these motions "Motion for Leave in Request for the Discovery Evidence of the Documentary 'I Am Evidence' for Corroboration in Undisputable Evidence of Facts in Support of Habeas Corpus" (Doc. 17); "Motion for leave (Request) for the Submittance of 'New Evidence' Pursuant to 2254(e)(1), (A)(i)(ii), (B), (f) along with removable flash drive" (Doc. 20); "Motion/Request for Reconsideration" (Doc. 23); "Motion for Relief from Judgment or Order" (Doc. 34); and "Motion for Relief from Judgment or Order" (Doc. 35).

Judge Henderson's May 10, 2023 order at Docs. 36, 38. (Doc. 45, pgID 3267–68). I denied Petitioner's "Notice of Incorrect Document Text" at Doc. 40 as irrelevant and moot. (Doc. 45, pgID 2366 n.3). Finally, I denied Petitioner's various requests, at Docs. 37, 38, and 39, for leave to file an interlocutory appeal. (Doc. 45, pgID 3267).[2]

In light of this slew of ancillary filings, I ordered the clerk not to accept further filings from the Petitioner outside of any objection he may have to Magistrate Judge Henderson's forthcoming Report and Recommendation on the merits. (*Id.*, pgID 3268)). I further cautioned Petitioner:

> [N]oncompliance with the restriction on further filings before Judge Henderson has issued her Report and Recommendation on the § 2254 Petition will subject Petitioner to a finding that he is a vexatious litigator. This designation will subject him to further limitations on his ability to file pleadings in this—or any other case—he may undertake to bring in this—or any other—Federal Court.

(*Id.*).

On January 26, 2024, Petitioner filed a document which he styles, "Deprivation of rights under color of law" ("Filing"). (Doc. 47). This is not an objection to the forthcoming Report and Recommendation. It violates my prior order restricting Petitioner's filings in this matter.

Nevertheless, because of its substance, I will consider the Filing here.

## Discussion

Because Petitioner is a *pro se* litigant, I must "construe [his] filings liberally." *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "The appropriate liberal construction requires active interpretation in some cases[.]"

---

[2] Petitioner also filed three notices of appeal, before any final decision on the merits. (Docs, 28, 29, 31). The circuit court dismissed each for lack of appellate jurisdiction. (Doc. 30, 32, 33).

*Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010) (citing *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir.1985)).

The Filing purports to be a claim for damages under 42 U.S.C. § 1983 against four putative defendants—different from the Defendant in the instant habeas corpus petition. (Doc. 47, pgID 2370). The Petitioner never explains who these putative defendants are, but they appear to be three Cuyahoga County prosecutors that were responsible for the underlying Ohio state criminal case along with one government trial witness, an investigator with the Cuyahoga County prosecutor's office. (*See* Doc. 13, pgID 38).

According to the Filing, "[the putative defendants] in their individual capacity violated the plaintiff's constitutional rights of due process, when they all willingly, intentionally, and mischievously withheld factual visual material discovery interview evidence of informational interview recordings that was not shared with the plaintiff or his counsel prior to the criminal trial." (*Id.*, pgID 2372). Petitioner appears to say that if he received this evidence, he and his counsel would have been able to cross examine the government trial witness with it. (*See id.*, pgID 2384). Petitioner asks for $20 million in damages, but he does not ask me to disturb his conviction and 126-month incarceration. (*Id.*, pgID 2390; *see also* Doc. 13, pgID 47–48).

### 1. Liberal Construction of Petitioner's Filing

I interpret the Filing as a motion for leave to amend the habeas corpus petition to raise a new issue that the prosecutors withheld exculpatory evidence in violation of the due process clause of the Fourteenth Amendment, as established in *Brady v. Maryland*, 373 U.S. 83 (1963).

I do not interpret the Filing as a 42 U.S.C. § 1983 complaint for three reasons. *First*, Petitioner did not file this as a separate lawsuit for damages against new defendants. Instead, he filed in his pending case seeking relief under 28 U.S.C. § 2254. *See Heck v. Humphrey*, 512 U.S.

3

477, 480 (1994) ("This case lies at the intersection of the two most fertile sources of federal-court prisoner litigation . . . 42 U.S.C. § 1983, and the federal habeas corpus statute, 28 U.S.C. § 2254. Both of these provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, but they differ in their scope and operation.").

*Second*, Petitioner cannot bring a § 1983 claim for a *Brady* violation related to his current conviction and sentence. "Habeas corpus is the sole means for an inmate to challenge the legality or length of his confinement. So damages claims that necessarily imply the invalidity of the defendant's conviction or sentence are not cognizable under § 1983 unless the conviction or sentence has previously been invalidated." *Ruiz v. Hofbauer*, 325 F. App'x 427, 430 (6th Cir. 2009) (internal citation omitted). *Brady* violation claims "necessarily implies the invalidity of the underlying conviction." *Hobbs v. Faulkner*, 2020 WL 12933850, at *2 (6th Cir. June 9, 2020) (quoting *Ruiz*, 325 F. App'x at 431).

The Ohio appellate court affirmed Petitioner's convictions. *State v. Powell*, 2019-Ohio-4345, ¶ 2 (8th Dist. Ct. App.). No other court has invalidated that result. Thus, Petitioner "cannot use § 1983 to obtain relief where success *would necessarily* demonstrate the invalidity of [his] confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 74–75 (2005).

*Third*, the Filing, on its face, is time barred as a § 1983 claim. The Filing alleges a *Brady* violation that Petitioner learned of during his 2018 jury trial. (*See* Doc. 47, pgID 2375) ("As the trial record transcript reveal[s], it wasn't until the middle of trial . . . that plaintiff was first made known [sic] about anything regarding [certain evidence and portions of witness interviews]."); *see also Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997) ("Ordinarily, the limitations period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action. In determining when the cause of action accrues in section 1983

4

actions, we have looked to what event should have alerted the typical lay person to protect his or her rights.") (internal citation and quotation marks omitted).

Thus, whatever unconstitutional conduct alleged in the Filing appears to fall well outside the two-year statute of limitations. *See Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989) ("[T]he two-year limitations period is the appropriate statute of limitations for actions arising in Ohio under 42 U.S.C. § 1983.") (internal citation omitted); see also *Montgomery v. Ferentino*, 2021 WL 3204843, at *2 (6th Cir. Feb. 24, 2021) ([Plaintiff's claims] are untimely under Ohio's two-year statute of limitations applicable to claims under § 1983 and *Bivens*.) (citing *Browning*, 869 F.2d at 992); *Kuhnle Bros., supra,* 103 F.3d at 519 (applying Ohio's two-year statute of limitations in § 1983 cases not concerning personal injury).

### 2. Motion for Leave to Amend

Petitioner's Filing attempts to amend his habeas corpus petition to raise a new claim. But he has not sought leave to do so, and he can no longer amend his petition as a matter of course. *See* Fed. R. Civ. P. 15(a)(1); *see also* Rule 12, Rules Governing Section 2254 Cases in the United States District Courts ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); *cf. Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014) ("[A] motion to amend a § 2255 motion [attacking a sentence] is generally governed by the Federal Rules of Civil Procedure."). Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave."

District courts "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). "At the same time, justice does not require courts to allow for

5

a futile amendment." *Bare v. Cardinal Health, Inc.*, 2023 WL 395026, at *3 (6th Cir. Jan. 25, 2023).

Allowing Petitioner to amend his habeas corpus petition to add the *Brady* violation issue would be futile for two reasons.

*First*, Petitioner's Brady violation issue is procedurally defaulted. The doctrine of procedural default limits access to federal court review of the merits of a constitutional claim. *Daniels v. United States*, 532 U.S. 374, 381 (2001). Procedural default may occur in two ways: (1) failing "to comply with state procedural rules in presenting his claim to the appropriate state court," and the state court dismisses the claim on that ground; or (2) failing "to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (internal quotation marks omitted). "If, at the time of the federal habeas Petition, state law no longer allows the Petitioner to raise the claim, the claim is procedurally defaulted." *Id.*

Here, Petitioner never raised the instant *Brady* claim when he sought review in the Court of Appeals of Ohio. *See Powell, supra*, 2019-Ohio-4345, ¶ 1. Petitioner's three assignments of error on appeal were: "[1] [A witness's] testimony detailing evidence collection by a forensic scientist who has since been fired for misconduct violated Powell's right to confrontation and the state rules of evidence which bar such hearsay. [2] Powell's rights to due process and a fundamentally fair trial were compromised by the jury's improper exposure to evidence of a third victim who the state did not call as a witness. [3] Powell was deprived of his Sixth Amendment right to the effective assistance of counsel." *Id.* Nowhere did Petitioner argue on appeal that the government withheld exculpatory evidence in violation of *Brady* and its progeny. The Ohio courts never had the opportunity to evaluate Petitioner's *Brady* claim, and it is therefore

procedurally defaulted. *Williams, supra*, 460 F.3d at 806 ("[I]f an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised on direct appeal, the claim is procedurally defaulted.").

*Second*, Petitioner's *Brady* claim is barred by the one-year statute of limitations period for § 2254 petitions. The limitation period runs from the latest of "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2244(d)(1).

The state-court judgment became final on October 13, 2020, when the Ohio Supreme Court declined review. *State v. Powell*, 2020-Ohio-4811 (Sup. Ct.). Petitioner learned of the potential *Brady* violation during the 2018 jury trial. (*See* Doc. 47, pgID 2375). Both instances are well outside the one-year statute of limitations. Petitioner's *Brady* claim is time-barred.

Therefore, allowing Petitioner an opportunity to amend his habeas corpus petition to add a *Brady* claim—or any other procedurally defaulted or time-barred claim—would be futile. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (discussing the futility of an amendment where it could not withstand a motion to dismiss). I deny his Motion to Amend the Habeas Corpus Petition.

**Conclusion**

It is, therefore, ORDERED THAT:

1. The Filing titled "Deprivation of rights under color of law" (Doc. 47) be, and the same hereby is, construed to be a Motion for Leave to Amend the Habeas Corpus Petition.

2. Petitioner's Motion for Leave to Amend the Habeas Corpus Petition be, and the same hereby is, denied as futile.

3. **Petitioner shall not file any other papers other than one filing stating his objections to Judge Henderson's forthcoming Report& Recommendation on the merits. Noncompliance with this restriction will subject Petitioner to a finding that he is a vexatious litigator. This designation will subject him to further limitations on his ability to file pleadings in this—or any other case—he may undertake to bring in this—or any other—Federal Court.**

4. The Clerk is directed to return Petitioner's original Filing (Doc. 47), and the Clerk shall mail a copy of this order to Petitioner at his current address.

SO ORDERED.

*/s/ James G. Carr*
Sr. U.S. District Judge